## Case No. 5,880.

### GUTTSCHLICK v. BANK OF THE METROPOLIS.

[5 Cranch, C. C. 435.] [1]

Circuit Court, District of Columbia. March Term, 1838. [2]

VENDOR AND VENDEE—FAILURE TO CONVEY—DEFECTIVE TITLE—RIGHTS OF VENDEE.

1. The vendee of land cannot, after paying the purchase-money, recover it back, upon the failure of the vendor to convey, unless the vendee has tendered to the vendor the form of a deed of conveyance to be executed by the vendor. But if the vendor has not a good title, at the time he is bound to convey, the vendee may recover back the purchase-money without tendering the form of a conveyance, as he is not bound to accept a defective title.

2. A written contract under the hands and seals of the president and cashier of a bank, purporting that the bank, through its president and cashier, is pledged, upon payment of the purchase-money, to convey to the purchaser, in fee-simple, a certain lot of land, in testimony whereof the said president and cashier, by order of the board of directors, have thereunto set their hands and seals, and signed and sealed accordingly, is admissible and competent evidence, in an action against the bank to recover back the purchase-money, without further evidence of the authority of the president and cashier to make the contract.

[See note at end of case.]

3. If the vendee receives an insufficient deed, as a compliance with the vendor's contract to convey, and afterwards discovers that the title of the vendor was defective, and that the deed conveys nothing, the vendee, in an action against the vendor to recover back the purchase-money, may give in evidence the said deed, with other evidence, showing the title to be defective, &c.

[See note at end of case.]

4. If the vendor's title be defective, the vendee may recover back the purchase-money, in an action of assumpsit, although he has been in possession of the premises several years.

Assumpsit, to recover back the purchase-money from the defendants, for lot No. 5, in square No. 489, in Washington. The declaration had four counts: (1) That the plaintiff [Ernestus Guttschlick] bought of the defendants the lot No. 5, in the square 489, in Washington, for $1,191.25; in consideration whereof the defendants, through the president and cashier, agreed with the plaintiff that the defendants were pledged, when the purchase-money should be paid, to convey the lot to

the plaintiff in fee-simple. That the plaintiff paid the purchase-money in full; but the defendants have not conveyed the lot to plaintiff, but refuse so to do. (2) That the defendants bargained and sold the lot to the plaintiff, and received the purchase-money, and in consideration thereof, put the plaintiff in possession of the lot, and agreed by their president and cashier, agents for that purpose duly authorized by the defendants, to convey the lot to the plaintiff in fee-simple. That the plaintiff continued in possession from the 9th of November, 1827, to the 30th of December, 1835, when he was turned out of possession by the Patriotic Bank; and while in possession was obliged to pay taxes and other public dues thereon, amounting to three hundred dollars. Yet the defendants, although often requested, have not conveyed the lot to plaintiff in fee-simple, but refuse, &c. (3) That the defendants promised, upon receipt of the purchase-money, to convey the lot to the plaintiff in fee-simple, free of incumbrance. That the plaintiff paid the purchase-money, but the defendants were not seized in fee-simple of the lot, and although requested, did not and would not convey the same in fee-simple to the plaintiff; and that the plaintiff, being in possession, was obliged to pay taxes, &c., to the amount of three hundred dollars. (4) Indebitatus assumpsit for money had and received.

Upon the trial, on the general issue, the plaintiff gave in evidence the following paper:

"Be it known, that on this 9th day of November, 1827, Ernest Guttschlick hath purchased of the Bank of the Metropolis lot No. 5, in square No. 489, as above described, and as laid down in the plat of the city of Washington, for the sum of $1,191.25, and that he hath paid, on account of the same, the sum of $591.25, leaving due the sum of $600, for which he hath given his note to the said bank, payable in six months after date; with interest from date, which sum of six hundred dollars, when paid, will be in full for the purchase-money of said lot. The Bank of the Metropolis, through the president and cashier, is hereby pledged, when the above sum shall be paid, to convey the said lot, namely, lot 5, in square 489, in fee-simple, to the said Ernest Guttschlick, his heirs or assigns forever. In testimony whereof, the said president and cashier, by order of the board of directors, have hereunto set their hands and seals, this ninth day of November, eighteen hundred and twenty-seven. John P. Van Ness (Seal), President of the Bank of Metropolis. Alexander Kerr (Seal), Cashier. In presence of George Thomas."

And further proved that he had paid the note in the said agreement mentioned. Whereupon Mr. Coxe, for defendants, prayed the court to instruct the jury, that upon the evidence aforesaid, the plaintiff was not entitled to recover upon the first count in the declaration. Mr. Coxe contended that the plaintiff should have tendered a deed for the

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in 14 Pet. (39 U. S.) 19.]

defendants to execute. Sugd. Vend. 180, 296. If the vendor prepares the deed the vendee may not be satisfied. The rule, therefore, has settled down that a purchaser cannot maintain an action against the vendor for not conveying, unless he has demanded a conveyance and tendered the form of a deed.

Mr. Bradley, contra, contended that the defendants were bound to tender a deed of conveyance. Jones v. Gardner, 10 Johns. 266; Clute v. Robison, 2 Johns. 595.

THE COURT (THRUSTON, Circuit Judge, contra) gave the instruction as prayed by Mr. Coxe, being of opinion that the plaintiff could not recover upon the first count, as there was no evidence that he had demanded a conveyance, and tendered the form of a deed.

The defendants' counsel, Mr. Coxe, objected to the admissibility and competence of the paper aforesaid as evidence for the plaintiff, until some evidence should be given showing the authority of the president and cashier to sign the contract and to bind the bank, so as to take the case out of the statute of frauds.

But THE COURT (CRANCH, Chief Judge, contra) overruled the objection, and permitted the contract to be read in evidence to the jury, without further proof except of the handwriting of Mr. Van Ness and Mr. Kerr, and of the payment of the money to the bank.

The plaintiff then offered evidence of an outstanding title in the Patriotic Bank, older than the defendants' title; namely, a deed of trust from B. G. Orr, under whom the defendants claim, to Joseph Elgar, to secure and indemnify one Samuel Lane, who had indorsed Orr's notes for $6,000; a judgment against Lane's administrators; and a sale under the deed of trust, by Elgar to the Patriotic Bank.

Mr. Coxe, for the defendant, objected to evidence of the judgment against Lane's administrators, because there was no declaration filed in the cause, although one of the notes mentioned in the deed of trust was filed as the cause of action, and judgment confessed for that amount.

THE COURT (nem. con.) overruled the objection and permitted the evidence to go to the jury.

The plaintiff then offered in evidence a letter from him to the defendants, stating that he had received a deed for the lot; and also offered to read the deed to the jury to show them that it was not a deed from the bank; but from the president of the bank under his private seal, and therefore conveyed nothing.

Mr. Coxe, for the defendants, objected to the reading of the deed to the jury in evidence, but THE COURT (nem. con.) overruled the objection, and suffered the evidence to go to the jury. Mr. Coxe, for the defendants, then prayed THE COURT to instruct the jury that upon the whole evidence the plaintiff was not entitled to recover. He contended that the plaintiff having, in his letter of the 17th of December, 1835, admitted that he had

"received the deed accordingly," that is, according to the agreement, could not, in this action, deny its validity. The agreement was executed.

As to the second count; upon the eviction. There is no evidence of any lawful eviction by the Patriotic Bank.

THRUSTON and MORSELL, Circuit Judges, here stopped Mr. Coxe upon that point.

As to the third count; the defect of title. The agreement is only to convey in fee-simple, that is to convey in fee-simple all the right which the bank had. The agreement is not for a conveyance in fee-simple. The terms of the agreement cannot be extended at law; the plaintiff's remedy is in equity alone. As to the fourth count. The plaintiff cannot recover on this count for money had and received, because the consideration has not entirely failed. The plaintiff has had the use and occupation for a period of seven or eight years.

Mr. Bradley, contra. The agreement is to convey the lot in fee-simple; this means a good title. The paper, which the plaintiff received, and which, in his letter, he calls a deed, is no deed from the bank, and would be good for nothing, even if the bank had had a title. It is under the private seal of the president of the bank only. If the defendants had no good title the plaintiff was not bound to demand a conveyance, nor to tender a deed to be executed. The deed of trust to Elgar was outstanding, and all the debts secured thereby were unpaid. The plaintiff's possession was no bar to the plaintiff's right to recover if the defendants can be placed in as good a condition as they were in before that possession. Clute v. Robison, 2 Johns. 595; Robb v. Montgomery, 20 Johns. 15; Greenby v. Cheevers, 9 Johns. 126; Caswell v. Black River Cotton & Woollen Manuf'g·Co., 14 Johns. 453; Sugd. Vend. 178, 179, 202, 206, 214, 243, 244, 283; Hamilton v. Cutts, 4 Mass. 349; Conner v. Henderson, 15 Mass. 319.

Mr. Coxe in reply. No case has been cited in which an action for money had and received, has been maintained, to recover back the purchase-money, after a deed had been given and received. The cases cited are all special actions upon all the circumstances of the case. A conveyance in fee of such title as the bank had, was a good compliance with the contract. The bank was not bound to give a title free from incumbrance. In the cases cited the contract was for a good title, or a good deed, or a good conveyance. A mortgage is no breach of the covenant of seizin. The entry of Dyson, the cashier of the Patriotic Bank, was no disseisin; the plaintiff still remained in possession. The lot was vacant and unimproved. 2 Saund. Pl. 613; Keene v. Clark, 10 Pet. [35 U. S.] 291. The action for money had and received cannot be maintained for the purchase-money, unless the consideration has entirely failed. Greenleaf v. Cook, 2 Wheat. [15 U. S.] 13; Caswell v. Black River

Cotton & Woollen Manuf'g Co., 14 Johns. 457; Conner v. Henderson, 15 Mass. 319.

THE COURT (MORSELL, Circuit Judge, contra) refused to give the instruction prayed by Mr. Coxe, that the plaintiff could not recover upon the whole evidence.

MORSELL, Circuit Judge, thought that Mr. Elgar's trust was not an outstanding incumbrance, because twelve years had elapsed between the judgment against Lane's administrator in 1823, and the sale on the 21st of December, 1835, and therefore the plaintiff could not recover without tender of a deed to be executed by the bank.

THRUSTON, Circuit Judge, thought the plaintiff might recover upon the general equity and justice of the case.

CRANCH, Chief Judge, thought the outstanding title in Mr. Elgar, at the time of the contract, and at the time of the payment of the purchase-money, dispensed with the obligation of the plaintiff to tender a deed to be executed, as he was not bound to accept a defective title.

Verdict for the plaintiff, $1,191.25, with interest from the 9th of November, 1827. Bills of exception were taken by both parties.

[NOTE. On appeal to the supreme court, the judgment was affirmed in an opinion by Mr. Justice Barbour, who said that it was proper to give in evidence the insufficient deed of the vendor, which did not convey the title it had agreed to give. The allegation that the agreement was made by the bank, "through the president and cashier," without averring their authority, was sufficient, as it was within the power of the bank to give them such authority; and when it was averred that the bank, by them, agreed, this averment, in effect, imported the very thing the supposed want of which constituted the objection. The question is one of evidence, not of pleading. The court also said that an action of assumpsit was proper, although the agreement was under seal, because they were merely the seals of its officers, and not of the bank itself. 14 Pet. (39 U. S.) 19.]